### CAMBRIDGE (CITY) v. JAMES W. SMALLWOOD.

MAYOR MUST PAY INTO THE CITY TREASURY FEES COLLECTED BY HIM FOR VIOLATION OF PENAL ORDINANCES.

Under Sec. 126 of the municipal code (Lan. R. L. 3228; B. 1536-633), where the council of the city has fixed the salary of the mayor and also the fees he shall collect for violation of the penal ordinances of the city, the mayor is required to pay into the city treasury the fees collected by him for the violation of such penal ordinances and upon his failure to do so, the city may recover from the mayor such fees in an action prosecuted for that purpose.

ERROR to Guernsey common pleas court.

**W. C. Collins,** for plaintiff in error:

Fees of mayor. *Clark* v. *Lucas Co.* (*Comrs.*) 58 Ohio St. 107 [50 N. E. Rep. 356]; *Work* v. *Massie,* 6 Ohio 503; *Buckingham* v. *Railway,* 10 Ohio St. 25; *Lorain Plank Road Co.* v. *Cotton,* 12 Ohio St. 263; *Gottschalk* v. *Witter,* 25 Ohio St. 76; *Van Hagan, Ex parte,* 25 Ohio St. 426; *Shelby Co.* (*Comrs.*) v. *Frego,* 26 Ohio St. 488; *McVey* v. *Ohio University,* 11 Ohio 134; *State* v. *Perrysburg* (*Mayor*), 14 Ohio St. 472; *Knox Co.* (*Comrs.*) v. *McComb,* 19 Ohio St. 320; *State* v. *Franklin Co.* (*Comrs.*) 20 Ohio St. 421; *Shunk* v. *Bank,* 22 Ohio St. 508 [10 Am. Rep. 762]; *State* v. *Newton,* 26 Ohio St. 200; *Allen* v. *Russell,* 39 Ohio St. 336; *Commissioners* v. *Board of Pub. Works,* 39 O. S. 628.

**J. A. Trouette,** for defendant in error.

COOK, J.

The action below was by the city of Cambridge against James W. Smallwood to recover certain fees retained by defendant, as mayor of the city, which it is claimed he should have paid into the city treasury.

The petition contains three causes of action:

First. Fees received by him in prosecutions for violation of penal ordinances of the city in which prosecutions the fees were collected by him from the accused.

Second. Fees collected by him from persons to whom he issued licenses for certain privileges within the city.

Third. Fees paid to him from the treasury of the city in cases of violation of the penal ordinances of the city in which the parties were convicted and sent to the workhouse and the fees could not be collected from the defendants

Cambridge v. Smallwood.

Demurrers were sustained by the court below to each cause of action, petition of plaintiff dismissed at its costs and error is prosecuted in this court by the city.

The petition in each cause of action avers that the salary of the mayor had been fixed by the council of the city and also that the costs which he should charge in such cases had also been fixed by an ordinance duly passed by council in accordance with Lan. R. L. 3377 (R. S. 1843; B. 1536-790); so that the question is squarely made, whether or not the mayor has a right to have such fees in addition to his salary.

Laning R. L. 3228 (B. 1536-633; 96 O. L. 61, Sec. 126) requires him to pay such fees into the city treasury. That section is as follows:

"Council shall fix the salaries of all officers, clerks and employes in the city government, except as otherwise provided in this act, and, except as otherwise provided in this act, all fees pertaining to any office shall be paid into the city treasury. The salary of any officer, clerk or employe so fixed, shall not be increased or diminished during the term for which he may have been elected or appointed; provided, that the compensation of members of council, if any is fixed, shall be in accordance with the time actually consumed in the discharge of their official duties, but in no event shall exceed $150 per year, each, in cities having a population according to the last or any succeeding federal census, of 25,000, or less, and for every 30,000 additional inhabitants determined as aforesaid, said compensation may be, but shall not exceed, an additional $100 per year each, but the salary shall in no city be greater than $1,200 per annum; and provided further, that the salaries of members of council shall be paid semimonthly and a proportionate reduction in said salaries shall be made for the nonattendance of any member upon any regular or special meeting thereof."

But it is said Lan. R. L. 3262 (R. S. 1751; B. 1536-643) is authority for his retaining such fees in addition to his salary. That section is as follows:

"All fines and forfeitures which may be collected by the mayor, or which may in any manner come into his hands, and all moneys which may be received by him in his official capacity, other than his fees of office, shall be by him paid over to the treasury of the corporation weekly; and at the first regular meeting of the council in each and every month, he shall submit a full statement of all such moneys received, from whom and for what purpose received, and when paid over; but all fines, penalties, and forfeitures collected by him in state cases shall be by him paid over to the county treasurer monthly."

This section is not part of the municipal code as passed October 22, 1902, but existed previous to the adoption of the municipal code and was

Sec. 1751 of the revised statutes. It was not expressly repealed in the repealing clause of the act of October 22, 1902, but it will be observed that by 96 O. L. 83, Sec. 200 (Lan. R. L. 3211; B. 1536-854), this Sec. 1751 is made specially applicable to villages and by implication at least would be made to apply to villages alone, to which class of municipalities Sec. 126 (Lan. R. L. 3228; B. 1536-633) does not apply.

It will furthermore be observed that Sec. 126, Lan. R. L. 3228 (B. 1536-633) distinctly sets forth, "Except as otherwise provided in this act * * * all fees pertaining to any office shall be paid into the city treasury," referring to the act of October 22, 1902, and showing that the intention of the legislature was not to include the provision of any statute upon that subject previously existing. The evident object and purpose of the legislature no doubt was, that all officers of cities should receive salaries for compensation and not be subject to the temptation of the fee system which is naturally demoralizing and which system the legislature of late years has been trying to abolish.

If we should admit that Lan. R. L. 3262 (R. S. 1751; B. 1536-643), original Sec. 1751, still applies to cities, yet the result would be the same as these two section are irreconcilable and effect must be given to the one which is later. *State* v. *Halliday*, 63 Ohio St. 165 [57 N. E. Rep. 1097] :

"Where the general provisions of a statute and those of a later one * * * are incompatible, the provisions of the latter statute must be read as an exception to the provisions of the earlier statute." *Cincinnati* v. *Holmes*, 56 Ohio St. 104 [46 N. E. Rep. 514].

Furthermore the act of October 22, 1902 (96 O. L. 106), specially provides:

"This act shall supersede all acts, and parts of acts, not herein expressly repealed, which are inconsistent herewith."

It follows that the court of common pleas erred in sustaining the demurrers to the first and third causes of action of plaintiff's petition and for that reason the judgment of the court below must be reversed and the cause remanded for further proceedings.

As to the second cause of action counsel has referred us to no law by which mayors may charge fees for issuing licenses and we know of none; therefore the mayor had no authority to collect such fees, as he could only collect fees where the same are expressly provided for by statute, and the fees so collected belong to the parties paying the same, the city having no claim to them whatever.

The demurrer to the second cause of action was properly sustained.

**Burrows** and **Laubie, JJ.,** concur.